UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
REBECCA J. ALANI and TYSON J. ALANI,                )
                                  Plaintiffs,                )   Case No. C05-1182L
         v.                )
                                                    )   ORDER TO SHOW CAUSE
GROUP HEALTH,                )
                                Defendant.                )
_____)

        On or about June 30, 2005, plaintiffs lodged a collection of documents with the Court, including Rebecca J. Alani's request for permission to proceed *in forma pauperis*. The Honorable Monica J. Benton, United States Magistrate Judge, granted plaintiff's motion to proceed *in forma pauperis* on July 8, 2005. The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2), finds as follows:

        The documents submitted by plaintiffs include (a) papers filed in King County Superior Court during Rebecca J. Alani's divorce proceedings, (b) medical records from 1993, (c) letters to, from, and between Ms. Alani, the State of Washington Office of Insurance Commissioner, the U.S. Department of Labor, the Equal Employment Opportunity Commission, and defendant Group Health, and (d) certain statutory provisions.. The only document created specifically for this litigation is a Civil Cover Sheet which identifies the parties and indicates that plaintiffs are asserting a non-employment related claim under the Americans with Disabilities Act.

ORDER TO SHOW CAUSE

1    Pursuant to Fed. R. Civ. P. 8(a), the document which sets forth a claim for relief at
2 the beginning of a case must contain "(1) a short and plain statement of the grounds upon which
3 the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the
4 pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The
5 mass of documents filed by plaintiffs is not a "pleading" under Rule 8(a) and does not satisfy
6 any of its requirements. Plaintiffs' submission does no more than mention a federal statute: it
7 contains no statements related to jurisdiction, no statement of facts showing how plaintiffs might
8 be entitled to relief against Group Health, and no demand for judgment. The Court is therefore
9 unable to ascertain whether federal jurisdiction over this matter exists or whether plaintiffs can
10 state a claim upon which relief can be granted.

12    Plaintiffs shall, within thirty (30) days of the date of this Order, file a
13 complaint which satisfies the requirements of Fed. R. Civ. P. 8(a), establishes this Court's
14 jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and states a claim upon which
15 relief can be granted by this Court. If an acceptable complaint is not filed within the time
16 proscribed, this action will be dismissed without prejudice. The Clerk of Court is directed to
17 send a copy of this Order to plaintiffs and to note this Order to Show Cause on the Court's
18 calendar for August 12, 2005.

       DATED this 11th day of July, 2005.


                            /s/ Robert S. Lasnik
                            Robert S. Lasnik
                            United States District Judge

ORDER TO SHOW CAUSE            -2-