1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
REBECCA J. ALANI and TYSON J. ALANI,    )
                                                    )          Case No. C05-1182L
                        Plaintiffs,            )
                                                    )
        v.                                          )
                                                    )          ORDER DISMISSING ALL BUT
GROUP HEALTH,                                )          FOUR CLAIMS AND DIRECTING
                                                    )          SERVICE
                        Defendant.           )
_____)

On July 11, 2005, the Court issued an order identifying a number of gross

inadequacies in plaintiffs' initial filings and directing them to file a complaint which satisfies the

requirements of Fed. R. Civ. P. 8(a), establishes this Court's jurisdiction under either 28 U.S.C.

§ 1331 or 28 U.S.C. § 1332, and states a claim upon which relief can be granted by this Court.

At approximately the same time the Court issued its order to show cause, plaintiffs submitted an

eleven page letter and attached documents.  Dkt. # 6.  On July 26, 2005, plaintiffs filed another

document in an attempt to correct the deficiencies identified by the Court.  Dkt. # 7.  The Court

has considered both documents to determine whether a viable cause of action has been alleged.

With all due respect to plaintiffs, most of the statements and allegations contained in plaintiffs'

supplemental submissions are so disjointed that it is very difficult to understand the nature of the

conduct alleged or the theory under which legal liability might attach.  Having reviewed

plaintiffs' submissions under the standards articulated in Fed. R. Civ. P. 8(a) and 28 U.S.C.

§ 1915(e)(2), the Court finds that this matter may proceed, but on the very limited grounds set

forth below.

1    The letters written by plaintiff Rebecca Alani and dated July 7th and July 19th do

2    not include a caption or otherwise identify the defendant(s) in this action.  The only indication

3    regarding who plaintiffs hope to hold responsible for their injuries is the Civil Cover Sheet

4    submitted on June 30, 2005, which identifies Group Health as the only defendant.[1]  Although

5    Group Health is not mentioned by name in either of the letters submitted by plaintiffs, the Court

6    will assume, based on the content of those letters, that Group Health is or was plaintiff Rebecca

7    Alani's employer.  The July 7th and July 19th letters make reference to various statutes and

8    regulations that apply to employers, some of which could give rise to claims that are under the

9    jurisdiction of the federal courts.  Where plaintiffs have alleged facts, no matter how conclusory,

10   in support of such claims, the Court will permit the claim to go forward rather than dismiss it at

11   this early stage of the litigation.  Where, however, plaintiffs have simply quoted a statutory

12   requirement without even alleging that defendant violated the requirement, it would be virtually

13   impossible for Group Health to frame a meaningful response to such non-allegations.  Similarly,

14   where plaintiffs allege that entities other than Group Health acted against them or caused them

15   injury,[2] such allegations do not support a claim against Group Health and no response will be

16

17   [1]  In the last paragraph of her July 19, 2005, letter (Dkt. # 7), plaintiff Rebecca Alani notes that

18   she and her son have been injured by a number of individuals, including unidentified family members, her
     employer, and "employees."  There is also a reference to the Resource Center at her son's school, the

19   machinists' union, a Department of Vocation Rehabilitation, and Highline Community College, but it is
     not clear whether plaintiffs intend to assert any claims against these entities.

20
     [2]  As an example of allegations which either do not involve Group Health or are entirely
21   unsupported, the Court sets forth a portion of page 5 of the letter dated July 7, 2005:

22   I'm tired of Utilities & transportation wiretaping [sic] my phone line illegally!  I was never

23   asked!  I & my son are not drug adicts [sic], alcoholics, or kind!  Melpractice [sic] on us
     all over the place thou [sic]!  Doing acts on us to cover up their acts of non compliance,

24   concealing records & due process of justice!

25   Domestic Violence is against the Law - to - cover - up - conceal - & not to admit evidence

26   of records into a COURT OF Law - is - unconcievable [sic] to default my son & his
     MOTHER - DO [sic] - PROCESS - OF - LIFE - LIBERTY - Justice & Pursute [sic] of

ORDER DISMISSING ALL BUT FOUR
CLAIMS AND DIRECTING SERVICE              -2-

1  required.

2        Having reviewed all of plaintiffs' submissions in this matter, the Court will

3  assume, for purposes of 28 U.S.C. § 1915(e)(2), that defendant Group Health is or was plaintiff

4  Rebecca Alani's employer and that plaintiffs have adequately alleged the following claims:

5      1.  discrimination on the basis of race and marital status under Title VII and the

6  Washington Law Against Discrimination ("WLAD");

7      2.  disability discrimination under the Americans with Disability Act and the WLAD;

8      3.  negligent infliction of emotional distress; and

9      4.  intentional infliction of emotional distress.

10  All other claims asserted or mentioned in the various documents submitted by plaintiffs are

11  DISMISSED without prejudice.

12        The Clerk is directed to send by first class mail a copy of this Order, Dkt. # 3 in its

13  entirety, the first eleven pages of Dkt. # 6, and the first seventeen pages of Dkt. # 7, along with

14  two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver

15  of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's office

16  to defendant at the following address:

17          Group Health
        521 Wall Street

18          Seattle, WA 98126

19          Attn: Director

20  Defendant is advised that additional documents have been filed by plaintiffs and can be

21  reviewed on the Lobby Level of the United States Federal Courthouse, 700 Stewart Street,

22

23  _____

24       HAPPYNESS [sic]!  This is acceptable by D.S.H.S. LABOR - HAND - IN - HAND -
     deliberate acts of OUTRAGE - Tort!  Domestic Toxic Tort  WAC 296-20-560 -

25       Categories of Permanet [sic] liver and billary [sic] tract impairments!

26  This excerpt is fairly typical of the content of Rebecca Alani's two letters.

ORDER DISMISSING ALL BUT FOUR
CLAIMS AND DIRECTING SERVICE     -3-

1   Seattle, WA.

2          Defendant shall have **thirty (30) days** within which to return the enclosed Waiver

3   of Service of Summons.  If defendant timely returns the signed Waiver, it shall have **sixty (60)**

4   **days** after the date designated on the Notice of Lawsuit to file and serve an answer to the four

5   claims enumerated above or a motion permitted under Rule 12 of the Federal Rules of Civil

6   Procedure.

7          If defendant fails to return the signed Waiver in a timely manner, it will be

8   personally served with a summons and complaint and may be required to pay the full costs of

9   such service, pursuant to Rule 4(d)(2).  A defendant who has been personally served shall file an

10   answer or motion permitted under Rule 12 within **thirty (30) days** after service.

11          As of June 1, 2004, counsel are required to electronically file all documents with

12   the Court.  *Pro se* litigants may file either electronically or in paper form.  Information and

13   procedures for electronic filing can be found on the Western District of Washington's website at

14   www.wawd.uscourts.gov.   Unless electronically filed, all original documents and papers

15   submitted for consideration by the Court in this case, and a duplicate of all such papers, are to be

16   filed with the Clerk of Court.  The originals and copies of all such papers shall indicate in the

17   upper right-hand corner the name of the Judge to whom the copies are to be delivered.  The

18   papers shall be accompanied by proof that such documents have been served upon counsel for

19   the opposing party (or upon any party acting *pro se*).  The proof shall show the day and manner

20   of service and may be written acknowledgment of service, by certificate of a member of the bar

21   of this court, or by affidavit of the person who served the papers.

22          Any request for court action shall be set forth in a motion, properly filed and

23   served.  The motion shall include in its caption (immediately below the title of the motion) a

24   designation of the date upon which the motion is to be noted upon the Court's calendar for

25   consideration.  See Local Civil Rule 7(d).  If a party fails to file and serve timely opposition to a

26   motion, the court may deem any opposition to be without merit.

ORDER DISMISSING ALL BUT FOUR
CLAIMS AND DIRECTING SERVICE            -4-

1    No direct communication is to take place with the Judge with regard to this case.

2    All relevant information and papers are to be electronically filed or directed to the Clerk.

3

4    DATED this 22nd day of August, 2005.

5

6    *MrS S Lasnik*

7    Robert S. Lasnik
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DISMISSING ALL BUT FOUR
CLAIMS AND DIRECTING SERVICE                    -5-