UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA J. ALANI and TYSON J. ALANI, | No. C05-1182L |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| GROUP HEALTH COOPERATIVE, | |
| Defendant. | |

## I. Introduction

This matter comes before the Court on "Defendant Group Health Cooperative's Motion for Summary Judgment" (Dkt. # 41).  Rebecca and Tyson Alani (hereinafter "Alani"), mother and son, are proceeding *pro se* against defendant Group Health Cooperative ("Group Health") on a number of different causes of action.  This Court previously limited plaintiffs' claims to (1) discrimination based on race or marital status under Title VII and the Washington Law Against Discrimination ("WLAD"), (2) disability discrimination under the Americans with Disability Act ("ADA") and the WLAD, (3) negligent infliction of emotional distress, and (4) intentional infliction of emotional distress.  Order Dismissing All But Four Claims and Directing Service at 3 (Dkt. # 10).  Defendant now asserts that these claims are barred pursuant to their respective statutes of limitations.

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

**II.  Discussion**

Rebecca Alani seems to have been terminated from her position at Group Health over 16 years ago.  This is discernible from an affidavit submitted by Group Health that indicates that Alani filed a worker's compensation claim against Group Health on December 12, 1990.  Forrestor Decl. ¶ 2.  That claim was closed on February 20, 1992.  Id.  Alani later appealed the decision and that appeal was dismissed on September 8, 1993.  Id.  Group Health avers that it has had no contact with Alani from that point until Alani initiated legal proceedings in King County in 2002.

In her pleadings, Alani seeks remedies for numerous hardships and injustices.  Many of these remedies are not appropriately pursued in this Court, nor with Group Health as defendant.[1]  Indeed, Group Health is mentioned only twice in the response to the instant motion.  First, Alani seems to accused Group Health of facilitating her daughter's relationship with an African American.  Response at 2 ("Setting up my (x husb [sic]) with Asian Woman - per Providence medical center) Group Health daughter with (African American)").  Second, Alani seems to allege that Group Health's system for processing worker's compensation claims was unfair.  Response at 5 ("The outrageous inhumane unreasonable - no - merit, a manifest of tribunal injustices - King County State, Group Health Providence all the about complete - Ku Klux Klan standards.").  These claims are not actionable in the context of this suit, nor do they address the substance of defendant's motion for summary judgment.

In the response brief, Plaintiff includes a short summary of Keehr v. Consolidated Freightways, Inc., 825 F.2d 133 (7th Cir. 1987).  In that case, Bruce and Cynthia Keehr sued

---

[1] For example, Alani complains that "I spent almost $500.00 on Surveilance [sic] Safety Equipment!  In every room of my house - as - I said in previous documentation on V.C.R. before he broke it (daughter's African American Boy friend or (lover) he asked & his son if we had another V.C.R. stated NO - my Son DID - he proceeded to brake [sic] it!"  Response at 2.  She later notes that Hitler "USED - The - Physician - to - do Youth - & - ASIA - on - the - wasted - ones!  Senior's - Handicapp - & SMALL CHILDREN! - I've seen this on T.V. over & over & over!  Like a message!"  Response at 5.

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT                    -2-

1   Bruce Keehr's employer after an on-the-job altercation that involved a defamation of Cynthia

2   Keehr's character.  The jury returned a mixed verdict—mostly in favor of the Keehrs—and the

3   Seventh Circuit affirmed the decision.  The court held that federal employment law did not pre-

4   empt Bruce Keehr's claims, that the jury's mixed verdict regarding Cynthia Keehr's defamation

5   and invasion of privacy claims was not internally inconsistent, and that the damages were

6   substantiated.  Id. at 137–42.  This case has no apparent bearing on the instant action.

7       Similarly inapposite is Dance v. Pennsylania, a summary of which is appended to Alani's

8   response brief.  Dance v. Pennsylvania State Police, 726 A.2d 4 (Pa. Commw. Ct. 1999).  In that

9   case, Gary Dance, a sergeant with the Pennsylvania State Police, sued the department after it

10  secretly recorded threatening phone calls that he made to his estranged wife.  The Court held

11  that because the recordings were made with his estranged wife's permission and pursuant to a

12  criminal investigation, they did not violate the Pennsylvania Wiretap Act.  18 Pa.C.S.A. § 5701.

13  However, the Wiretap Act was violated by the subsequent conveyance of these tapes to another

14  law enforcement officer conducting an internal investigation into Dance's behavior and then to a

15  civilian advocate for the department in a subsequent arbitration.  The relationship of this case to

16  the instant action for employment discrimination is inconceivable.

17      This Court holds the pleadings of *pro se* complainants to less stringent standards than

18  those of licensed attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nonetheless, every

19  complainant ultimately must demonstrate some "claim upon which relief can be granted."  Fed.

20  R. Civ. P. 12(b)(6).  In the face of a well-supported motion for summary judgment, Alani "may

21  not rest upon mere allegations or denials of [Group Health's] pleading, but . . . must set forth

22  specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

23      The Court finds that Alani has failed rebut Group Health's assertion that the claims are

24  barred by the relevant statutes of limitations.  First, Group Health asserts, and Alani does not

25  dispute, that Rebecca Alani has not been employed at Group Health at least since 1990.  An

26  ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT                    -3-

1   action under Title VII must be filed within, at most, three hundred days after the alleged

2   discriminatory act.  42 U.S.C. § 2000e-5(e).  As to the state law claim, because the WLAD does

3   not contain its own statute of limitations, "[d]iscrimination claims must be brought within three

4   years under the general three-year statute of limitations for personal injury actions."  Antonius v.

5   King County, 153 Wn.2d 256, 261–62 (2004); see also RCW 4.16.080(2).  The ADA employs

6   the same statute of limitations as that contained in Title VII.  42 U.S.C. § 12117(a) (adopting the

7   "powers, remedies, and procedures set forth in" 42 U.S.C. 2000e-5(e)).  Finally, claims of

8   negligent and intentional infliction of emotional distress also must be brought within a three-year

9   time period.  St. Michelle v. Robinson, 52 Wn.App. 309, 314 (1988).  Alani has not submitted

10  any evidence that Group Health has committed any bad acts within the relevant time period.

### III.  Conclusion

12    For the foregoing reasons, IT IS HEREBY ORDERED that "Defendant Group Health

13  Cooperative's Motion for Summary Judgment" (Dkt. # 41) is GRANTED.  The Clerk of Court is

14  directed to enter judgment in favor of defendant Group Health.

16    DATED this 8th day of May, 2006.

18  Robert S. Lasnik
19  United States District Judge

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT     -4-